# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS SPRINGFIELD DIVISION

| | |
|---|---|
| AUMANN AUCTIONS, INC., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 17-CV-3156 |
| CONRAD FLETCHER, | ) |
| Defendant. | ) |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Defendant Conrad Fletcher's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(2) (d/e 5) (Motion). The parties consented to proceed before this Court. Consent to the Exercise of Jurisdiction by a United States Magistrate Judge and Reference Order entered July 20, 2018 (d/e 12). For the reasons set forth below, the Motion is DENIED.

## STATEMENT OF FACTS

Plaintiff Aumann Auctions, Inc. (Aumann Auctions), is an Illinois corporation with its principal place of business located in Nokomis, Illinois, and Defendant Conrad Fletcher is a resident of Golden, Colorado. Complaint (d/e 2), ¶¶ 4-5. On January 3, 2017, Fletcher's representative, Bob Sullivan, telephoned Kurt Aumann, the President of Aumann Auctions.

Sullivan told Aumann that Fletcher wanted to sell some of his antique tractors and wanted to inquire about the cost of shipping them to Illinois for Aumann Auctions to sell at an upcoming auction. Sullivan sent Aumann photographs of the tractors. Aumann advised Sullivan that shipping the tractors would not be cost-efficient and suggested some advertising websites for Fletcher to use. Aumann also offered to provide additional assistance to Fletcher. <u>Plaintiff's Response to Defendant's "Motion to Dismiss Claim for Lack of Subject Matter Jurisdiction" (d/e 8) (Response)</u>, Exhibit A <u>Affidavit in Support of Plaintiff's Response to Defendant's "Motion to Dismiss Claim for Lack of Subject Matter Jurisdiction (Aumann Affidavit)</u> ¶¶ 1-4.

On January 11, 2017, Sullivan sent an email to Aumann on behalf of Fletcher. Sullivan asked Aumann about auctioning off most of Fletcher's collection of cars, tractors, signs, and more (Collection) at an on-site auction. Sullivan asked Aumann to call to discuss his inquiry. <u>Aumann Affidavit</u> ¶ 5.

Between January 11, 2017 and January 19, 2017, Sullivan telephoned Aumann. Both Fletcher and Sullivan participated in the call. Fletcher ask Aumann to come to Fletcher's home on January 19, 2017 to view the items in the Collection. Next, Fletcher contacted the Aumann to

notify him that the appointment to view the Collection would be put on hold because Fletcher's wife passed away on January 12, 2017.  Aumann Affidavit ¶¶ 6-7.

In March 2017, Sullivan contacted Aumann and indicated that Fletcher wanted to proceed with the sale of the Collection.  Sullivan also informed Aumann that Aumann Auctions was one of several auctioning companies Fletcher was considering.  On March 30, 2017, Aumann flew to Golden, Colorado to view Fletcher's Collection.  When Aumann returned home, Sullivan called Aumann at Fletcher's direction to notify Aumann that Fletcher wanted Aumann Auctions to sell the Collection for him.  Aumann Affidavit ¶¶ 8-9.

Aumann prepared the Online Auction Contract dated April 3, 2017.  Aumann and Fletcher negotiated the terms of the Online Auction Contract from their respective locations, Colorado and Illinois.  The Online Auction Contract stated that the online auction (Auction) would occur September 15 and 16, 2017.  Aumann Auctions agreed to perform "[a]ll aspects of the execution of the promotion, marketing, cataloging, photography, set up and duties the day of the auction."  Fletcher retained the right to approve the budget for marketing and promotional expenses, estimated to be $15,000 to $20,000.  Aumann Auctions could decide how to spend the budget and

could make additions or deletions of budgeted items as long as the budget was maintained. The Online Auction Contract further stated: "This contract is subject, written and agreed upon under the laws of the State of Illinois." Complaint, Exhibit A, Online Auction Contract.[1]

Aumann mailed the Online Auction Contract from Illinois to Fletcher in Colorado. Fletcher signed the document and returned it to Aumann in Illinois. When Aumann received the signed Contract, he contacted Fletcher to schedule a time for Aumann to inventory and photograph the items in the Collection in Colorado. Aumann would use that information to prepare for the Auction. Aumann Affidavit ¶¶ 10-11;

Between March 30, 2017 and June 7, 2017, Fletcher called Aumann and told him that he had some individuals assisting him with the preparation of the Collection. In the same period, Fletcher contacted Aumann to schedule a date for Aumann to travel to Colorado and photograph the Collection. Fletcher chose the dates June 12, 2017 through June 14, 2017. On June 7, 2017, Fletcher called Aumann and informed him that he would no longer honor the signed contract. Fletcher or his representatives, including Sullivan, contacted Aumann in Illinois by

---

[1] The copy of the Online Auction Contract is attached to the original Complaint (d/e 1). The Court required Aumann Auctions to refile the Complaint because the electronic signature of the attorney on the document did not match the log-in and password used to file the document in the Court's CM/ECF system. Text Order entered July 21, 2017.

telephone, email, and regular mail approximately 15 times.  Aumann Affidavit ¶¶ 12-13.

## ANALYSIS

Aumann Auctions alleges claims against Fletcher for specific performance, injunctive relief, and breach of contract.  Fletcher filed this Motion to dismiss the Complaint based on a lack of personal jurisdiction.  The Court may consider matters outside the pleadings to determine personal jurisdiction. Aumann Auctions has the burden to "make out a prima facie case of personal jurisdiction" over Fletcher.  Purdue Research Foundation v. Sanofi-Synthelabo, S.A., 338 F.3d 773, 779 (7th Cir. 2003) (quoting Hyatt International Corp. v. Coco, 302 F.3d 707, 713 (7th Cir. 2002).  In determining whether Aumann Auctions has made a prima facie case, this Court must resolve all factual disputes in the record in favor of Aumann Auctions.  Purdue Research Foundation, 338 F.3d at 782.

A federal court sitting "in diversity has personal jurisdiction over a non-resident defendant only if a court of the state in which it sits would have jurisdiction." Purdue Research Foundation, 338 F.3d at 779.  Illinois courts can establish personal jurisdiction for any of the enumerated causes of action under 735 ILCS 5/2-209 et seq. or for any basis permitted under the Illinois and United States Constitutions. 735 ILCS 5/2-209 (c).  No court

has yet identified any differences in Illinois and United States Constitution in the due process requirements for personal jurisdiction. This Court, therefore, will apply federal constitutional principles of due process to determine whether this Court has personal jurisdiction over Fletcher. See Citadel Group Ltd. v. Washington Regional Medical Center, 536 F.3d 757, 761 (7th Cir. 2008); RAR, Inc. v. Turner Diesel, Ltd., 107 F.3d 1272, 1276-77 (7th Cir. 1997); see also KM Enterprises, Inc. v. Global Traffic Technologies, Inc., 725 F.3d 718, 732 (7th Cir. 2013).

The Court has personal jurisdiction over Fletcher if he "purposely established minimum contacts" with Illinois. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985) (internal quotation marks omitted). To establish minimum contacts with a forum, a defendant must "reasonably anticipate being haled into court there." World Wide Volkswagen Corp. v. Woodson, 444 U.S. 386, 295 (1980); see Tamburo v. Dworkin, 601 F3d 693, 701 (7th Cir. 2010).

Personal jurisdiction may be either general or specific. A person is subject to the general personal jurisdiction of the forum for any type of case if the person has sufficient continuous and systematic contacts with the jurisdiction, such that the person is effectively "at home" in the forum. Daimler AG v. Bauman, 571 U.S. 117, 127 (2014); see Tamburo, 601 F.3d

at 701.  A person is subject to this Court's specific personal jurisdiction for a particular action if the person had sufficient contacts with the forum with respect to the transaction that forms the basis of the particular action.  See Tamburo, 601 F.3d at 702.  Aumann Auctions asserts only specific personal jurisdiction over Fletcher in this case.  General personal jurisdiction is not at issue.  See Response, at 7.

To establish specific personal jurisdiction, Aumann Auctions must show that (1) Fletcher "purposefully availed itself of the privileges of conducting activities within [Illinois] . . . invoking the benefits and protections of its laws;" (2) Aumann Auctions' alleged injuries arose from Fletcher's forum related activities; and (3) the exercise of jurisdiction comports with traditional notions of fair play and substantial justice.  See Burger King, 471 U.S. at 472; Hanson v. Denckla, 357 U.S. 235, 253-54 (1958); International Shoe Co. v. State of Washington, Office of Unemployment Compensation and Placement, 326 U.S. 310, 316 (1945).

Whether a defendant purposefully availed itself of the privileges of conducting business in the state depends on "the quality and nature of the defendant's activity[.]" Hanson, 357 U.S. at 253.  A resident plaintiff's unilateral activity directed at a nonresident defendant is not enough to satisfy the minimum contacts.  See Hanson, 357 U.S. at 253.   In the

context of claims arising under a contractual dispute, the Court must consider the "prior negotiations and the contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing." Burger King, 471 U.S. at 479. The existence of a contract with an Illinois resident alone is not sufficient. Id. at 478.

Aumann Auctions makes out a prima facie showing of personal jurisdiction. For purposes of this Motion, the Aumann Affidavit establishes that Fletcher sought out Aumann Auctions in Illinois to sell his Collection. Fletcher's agent Sullivan made unsolicited contact with Aumann Auctions' President Aumann by telephone and email in Illinois. Fletcher put the sale on hold due to the death of his wife, but then again solicited Aumann Auctions services by contacting Aumann again in Illinois. Fletcher agreed to the Online Auction Contract. Fletcher thereby agreed that Aumann Auctions would perform "[a]ll aspects of the execution of the promotion, marketing, cataloging, photography, set up and duties the day of the auction." Aumann Auctions would spend $15,000 to $20,000 to market and promote the auction. Aumann Auctions is located in Illinois and so the parties contemplated that Aumann Auctions would perform these services primarily in Illinois. Fletcher or his representatives further contacted Aumann approximately 15 times in Illinois. The Online Auction Contract

further stated that the agreement was governed by the laws of Illinois.  The evidence shows that Fletcher purposely availed himself of the privilege of engaging in business in Illinois and securing services performed in Illinois.  In this circumstance, Fletcher should reasonably have anticipated that he could  be haled into court in Illinois.  See Citadel Group Ltd., 536 F.3d at 764 (Arkansas entity was subject to personal jurisdiction in Illinois because it availed the privileges of doing business in Illinois by soliciting services of an Illinois resident and entering into ongoing contractual relationship with resident).  Aumann Auctions has made out a prima facie case that Fletcher engaged in purposeful minimum contacts with Illinois with respect to his dealings with Aumann Auctions in connection with the Online Auction Contract.

Aumann Auctions' alleged injuries arose from Fletcher's alleged breach of the Online Auction Contract.  The injuries, therefore, are directly related to Fletcher's forum-related activities of soliciting Aumann Auctions' services and entering into a contractual relationship to conduct the Auction.

Finally, the exercise of personal jurisdiction over Fletcher is consistent with traditional notions of fair play and substantial justice.  Aumann Auctions has an interest in obtaining relief in its home forum.  The state of Illinois has a "manifest interest" in providing a forum for litigating its

residents' claims.  See Burger King, 471 U.S. at 474.  Fletcher further solicited services to be performed in Illinois.  Fletcher thereby "purposefully derived benefit from [his] interstate activities." Id.  In such circumstance, "[I]t may well be unfair to allow [him] to escape having to account in other States for consequences that arise proximately from such activities; the Due Process Clause may not readily be wielded as a territorial shield to avoid interstate obligations that have been voluntarily assumed." Id.  The Online Auction Contract put Fletcher on notice that the agreement was governed by Illinois law.   Under these circumstances, requiring Fletcher to defend in Illinois was consistent with substantial justice and fair play.  See Citadel Group Limited, 536 F.3d at 764.

Fletcher cites the opinion by the Third Circuit Court of Appeals in Vetrotex Certainteed Corp. v. Consolidated Fiber Glass Products Co., 75 F.3d 147 (3ᵈ Cir. 1996), for the proposition that executing a contract with an Illinois resident is not sufficient to establish purposeful minimum contacts.  In Vetrotex Certainteed Corp., the resident plaintiff sought out the business from the nonresident defendant.  The nonresident did not actively seek services of a person in the plaintiff's forum.  The nonresident also did not initiate repeated contacts with the resident plaintiff.  The contract did not contemplate any work to be performed in the forum state nor that the

defendant would sent any payment to the forum state.  See Vetrotex Certainteed Corp., 75 F.3fd at 151-52.  Here, Fletcher actively sought out services of an Illinois resident to be performed in Illinois.  Fletcher further affirmatively initiated repeated contacts with Aumann in Illinois.  The Vetrotex Certainteed Corp. opinion, therefore, does not apply here.  Aumann Auctions has made out a prima facie case of personal jurisdiction.

THEREFORE, IT IS ORDERED that Defendant Conrad Fletcher's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(2) (d/e 5) is DENIED.  Fletcher is ordered to answer the Complaint (d/e 2) by August 28, 2018.

ENTER:   August 7, 2018

*s/ Tom Schanzle-Haskins*
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE