# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| AUMANN AUCTIONS, INC., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 17-cv-3156 |
| CONRAD FLETCHER, | ) |
| Defendant. | ) |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Defendant Conrad Fletcher's Motion to Bar Opinion Testimony (d/e 54) (Motion). For the reasons set forth below, the Motion is ALLOWED.

## BACKGROUND

This is a breach of contract case. Plaintiff Aumann Auctions, Inc. (the Company) alleges that Defendant Conrad Fletcher breached a contract to authorize the Company to sell certain items at auction, including antique automobiles.

As set forth in more detail in this Court's Opinion ruling on Fletcher's Motion for Summary Judgment (d/e 53) (Summary Judgment Opinion), Fletcher owned a large collection of antique automobiles, tractors, automotive and road related signs, and other memorabilia (the Collection).

Fletcher kept most of the Collection in two large outbuildings at his residence in Golden, Colorado (Residence).  Some of his antique automobiles in the Collection were in Arizona.  In late spring or early winter 2016, Fletcher decided to move to Arizona.  In January 2017, Fletcher decided to conduct an auction to sell some or all of his personal property, including items in the Collection, before he moved to Arizona.  See Summary Judgment Opinion), at 1-3.

Fletcher selected the Company as a possible auctioneer to conduct the proposed auction.  Kurt Aumann is the principle of the Company.  The Company is his family's auction business and Aumann has worked for the Company for 58 years and has run the Company for 15 years.  He has conducted over 100 antique automobile auctions in the past ten years.  See Motion for Summary Judgment (d/e 53), Exhibit 4, Deposition of Kurt Aumann (Aumann Deposition), at 4-5.

On March 30, 2017, Aumann went to the Residence and conducted a walkthrough of the two large outbuildings to see the Collection.  Aumann made some handwritten notes listing certain items as he went through the outbuildings (List).  He also took some photographs.  He did not inspect any item in detail, and he did not make a detailed inventory of the items that would be sold at auction.  Additionally, he did not inspect any of the

items to determine whether they were operational. He anticipated that a crew from the Company would come back at a later date to catalogue the items to be sold at auction. See Summary Judgment Opinion, at 4-5. In May 2017, Fletcher canceled the planned visit by the Company's crew to catalogue the items for the auction.

On June 8, 2017, Fletcher canceled the Auction. On that date Fletcher signed an agreement with a company called Maddogs Performance (Maddogs) to sell eight antique automobiles on consignment (Maddogs Contract). The Maddogs Contract listed the prices for the sale of each automobile. Fletcher set those prices and the listed prices totaled $1,063,000.00. Maddogs did not sell any of the automobiles placed on consignment under the Maddogs Contract. All of the automobiles were returned to Fletcher. See Summary Judgment Opinion, at 6-13. The Company then filed this action for breach of contract.

This Court initially directed the parties to disclose expert witnesses by May 19, 2019. Scheduling Order entered September 24, 2018 (d/e 17) ¶ 3. The Court subsequently extended the Company's deadline to disclose expert witnesses to September 3, 2020 and Fletcher's deadline to October 5, 2020. Text Order entered April 3, 2020. The Company did not disclose any expert witnesses by September 3, 2020. On October 5, 2020, Fletcher

disclosed his expert witnesses. The next day, on October 6, 2020, the Company served an untimely expert witness disclosure. The Company disclosed its principle Aumann as an expert on the value of the automobiles and other items that were allegedly to be sold at auction under the parties' contract. Fletcher had previously deposed Aumann as a fact witness on July 8, 2020.

## ANALYSIS

Fletcher moves to bar Aumann from providing expert testimony because his disclosure was untimely and because his opinions should be barred under <u>Daubert v. Merrill Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993).

The Company's disclosure of Aumann as an expert witness was untimely. The Company may only use Aumann as an expert witness if it can demonstrate that the failure to disclose Aumann in a timely manner was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1); <u>Musser v. Gentiva Health Services</u>, 356 F.3d 751, 758 (7th Cir. 2004) (exclusion is automatic and mandatory unless tardy party shows the late disclosure was justified or harmless). The Company offers no justification for its late disclosure other than counsel mistakenly believed the disclosures were due

on a date later than September 3, 2020. The Company, therefore, must show that the late disclosure was harmless.

In assessing the harm caused by untimely disclosure, this Court considers: (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date. Westefer v. Snyder, 422 F.3d 570, 584 n.21 (7th Cir. 2005). The one-month delay in disclosure would cause prejudice to Fletcher. If Aumann is allowed to testify as an expert witness, Fletcher must take Aumann's deposition again, Fletcher must be allowed time to disclose a rebuttal expert, and Fletcher must pay the additional expense of retaining a rebuttal expert.

In addition, the trial would likely be delayed if Aumann offered expert opinion testimony. The parties must file motions in limine by April 19, 2021, 15 days before the final pretrial conference set for May 4, 2021. Scheduling Order entered September 24, 2018 (d/e 17) ¶ 8; Minute Entry entered April 3, 2020. Fletcher would need to depose Aumann to discover Aumann's expert opinions and find a rebuttal expert; the expert would need time to prepare a rebuttal report; and Aumann would need to depose the rebuttal expert. The parties would not be likely to complete all these tasks

in time to prepare and file motions in limine regarding Aumann's expert opinions by April 19, 2021, and so, the trial would likely be delayed. This case was filed in 2017. The Court finds that the untimely disclosure of Aumann was not harmless.

Aumann argues his Rule 26(a)(1) Initial Disclosures stated Aumann would testify about, among other facts, "damages sustained as a result of Defendant's breach". This reference to "damages" in the Rule 26(a)(1) Initial Disclosures is not a sufficient disclosure for expert testimony. Rule 26(a)(2) contains the requirement for disclosure of expert testimony. Rule 26(a)(2)(A) states that in addition to the disclosures in Rule 26(a)(1), a party must disclose the identity of any witness it may use at trial to present expert testimony under Rules 702, 703, or 705 of the Federal Rules of Evidence. For an expert witness not required to file a written report, the expert disclosures must include a summary of the subject matter on which the expert is expected to present expert testimony and a summary of the facts and opinions on which the witness is expected to testify. Rule 26(a)(2)(A) and (C). The Plaintiff's expert disclosure fails to disclose a summary of the facts and opinions on which Aumann would testify.

In addition, the Court also finds that the Company has failed to demonstrate that Aumann will provide admissible expert opinion. Federal Rule of Evidence 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b)   the testimony is based on sufficient facts or data;
>
> (c)   the testimony is the product of reliable principles and methods; and
>
> (d)   the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. This Court must perform a gate-keeping function to determine that expert testimony is reliable and relevant under the principles codified in Rule 702. See Daubert, 509 U.S. at 597. In performing this function, the Court must determine the reliability and the relevance of the evidence. Ammons v. Aramark Uniform Services, Inc., 368 F.3d 809, 816 (7th Cir. 2004). The Court must evaluate the qualifications of the expert. The Court must determine whether the expert testimony is reliable and relevant and whether his opinions will assist the trier of fact in determining a fact in issue. See Ammons, 368 F.3d at 816. The Court must evaluate

the reliability of the expert's methodology. Manpower Inc. v. Ins. Co. of Penn., 732 F.3d 796, 806 (7th Cir. 2013). The Court, however, does not evaluate the quality of the underlying data or the quality of the expert's conclusions. "The soundness of the factual underpinnings of the expert's analysis and the correctness of the expert's conclusions based on that analysis are factual matters to be determined by the trier of fact, or, where appropriate, on summary judgment." Smith v. Ford Motor Co., 215 F.3d 713, 718 (7th Cir. 2000).

In this case, Aumann is an experienced auctioneer of antique vehicles. See Aumann Deposition, at 4-5. The Company, however, failed to state the nature of Aumann's methodology or prove his methodology is reliable. The evidence shows that Aumann walked through Fletcher's outbuildings once and made the handwritten List of approximately 70 items.

As noted by the Defendant, Aumann testified at his deposition that his representatives never inspected or catalogued the items to be offered for sale. He testified, in his role as an auctioneer, that he does not estimate the value of an item to be offered for sale and does not set initial bidding prices and that sales prices at auctions are inherently unpredictable. He also testified that the $1.4 million valuation in his Amended Complaint was based on a hearsay report that Defendant had sold his automobile

collection through an alternate vendor. However, he later learned the report was untrue as Defendant had not sold the automobile collection. <u>Defendant's Memorandum in Support of Motion to Bar Expert Testimony</u> (d/e 55, p 3).

The Company only says, "Kurt Aumann will reliable apply the principles and methods he has learned in his 58 years in the auction business to the facts of this case and to the valuation of damages sustained by the Plaintiff." <u>Response</u>, at 4. The Company, however, does not set forth the "principles and methods" that Aumann will use or how he will apply them. Without such an explanation, the Company fails to demonstrate that Aumann's methods are reliable. The Company's position seems to be that Aumann can offer reliable opinions on value just because he is an experienced auctioneer of antique vehicles. An expert witness' opinion is not reliable if it is just based on the expert's <u>ipse dixit</u> say so.[1] <u>See</u> <u>Kumho Tire Co, Ltd. v. Carmichael</u>, 526 U.S. 137, 157 ("'[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to the existing data only by the

---

[1] *ipse dixit* = an assertion made but not proven. Merriam Webster online dictionary viewed February 11, 2021.

*ipse dixit* of the expert.'" (quoting General Electric Co. v. Joiner, 522 U.S. 136, 146 (1997)).

THEREFORE, IT IS ORDERED that Defendant Conrad Fletcher's Motion to Bar Opinion Testimony (d/e 54) is ALLOWED.  Kurt Aumann will not be allowed to offer expert opinion testimony in this case.

ENTER:   February 12, 2021

*s/ Tom Schanzle-Haskins*
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE