# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| AUMANN AUCTIONS, INC., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 17-cv-3156 |
| CONRAD FLETCHER, | ) |
| Defendant. | ) |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiff Aumann Auctions, Inc.'s (Aumann) First Motion in Limine (d/e 73) (Motion). The parties consented to proceed before this Court. Consent to the Jurisdiction by a United States Magistrate Judge and Reference Order entered July 20, 2018 (d/e 12). The Court directed the parties to submit additional briefing in connection with the Motion and copies of the exhibits that Aumann seeks to bar from admission. The parties have done so. For the reasons stated below, the Motion is ALLOWED.

## BACKGROUND

This is a breach of contract case. Aumann alleges that Defendant Conrad Fletcher entered into a contract with Aumann who agreed to

conduct an auction for Fletcher in September 2017 to sell Fletcher's collection of antique automobiles, tractors, and other related items and memorabilia, and Fletcher agreed to pay Aumann a commission on the sales. See First Amended Complaint (d/e 46), ¶¶ 5-17. Fletcher denies that the parties entered into a contract. See Proposed Pretrial Order (d/e 75), Defendant's Contested Issues of Fact, ¶¶ 1-6.

Aumann filed the original Complaint (d/e 1) on July 18, 2017, and a corrected Complaint (d/e 2) on July 24, 2017. On August 24, 2017, counsel for Fletcher Theresa Powell sent an email to Aumann's co-counsel Edward Graham. The email offered to settle the case by allowing Aumann to sell some items at auction:

> Ted,
>
> Here is the spreadsheet of items that are for sale.
>
> Fletcher needs to be out of the Colorado home by October 1, 2017.
>
> Please review the document and talk to your client to see about getting this done by that date. I should be in the office tomorrow morning. I have a meeting in the afternoon at 2pm. The sooner we figure this out the better. Fletcher has to have the sale by the above date as he legally has to be off of his property shortly thereafter.
>
> If you can send a proposed new contract that reflects these items, the reserves and a date for the auction, that would be great-with a notation which provides that signing this contract resolves any claims made in your lawsuit of course.

Thanks,

Theresa M. Powell

Plaintiff's Supplemental Brief in Support of Plaintiff's First Motion in Limine (d/e 87) (Plaintiff's Supplemental Brief), attached Defendant's Exhibit 1. Attached to Defendant's Exhibit 1 was a list of items that Fletcher offered to have Aumann sell at auction under the terms outlined in the August 24 Email. Plaintiff's Supplemental Brief, attached Defendant's Exhibit 1a.

On August 26, 2017, Attorney Graham responded by email rejecting the offer:

> Theresa:
>
> I did talk last night to Kurt Aumann who advises that he is likely not interested in an auction under such terms and that even if he were such would not be in the seller's best interests. I passed that information on to my associate [co-counsel] Aaron Calvert, and I expect that he will be in touch with you shortly to see what else we might do to try to resolve the matter.
>
> Thanks,
>
> ME

Plaintiff's Supplemental Brief, attached Defendant's Exhibit 2.

Fletcher intends to admit into evidence at trial Defendant's Exhibits 1, 1a, 2, and other evidence of Fletcher's offer to allow Aumann to sell certain items at auction to settle this case. Fletcher intends to use this evidence

to show that Aumann's damages should be reduced by the amount he could have earned in commissions had he conducted the auction proposed in Exhibits 1 and 1a. Aumann is not entitled to recover damages that Aumann could have reasonably avoided. See <u>Mayster v. Santacruz</u>, 2020 IL App(2d) 190840 ¶¶ 40-42, 163 N.E.3d 246, 255-56 (Ill. App. $2^d$ Dist. 2020). Aumann moves to bar the evidence as inadmissible settlement evidence.

## ANALYSIS

The Federal Rules of Evidence govern the admissibility of evidence in diversity cases in this Court. Fed. R. Evid. 1101; <u>Hammond v. System Transport, Inc.</u>, 942 F.Supp.2d 867, 872 (C.D. Ill. 2013) (citing <u>In re Air Crash Disaster Near Chicago, Ill. on May 25, 1979</u>, 701 F.2d 1189, 1192-13 (7th Cir. 1983). Rule 408 provides:

> **(a) Prohibited Uses.** Evidence of the following is not admissible--on behalf of any party--either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:
>
> **(1)** furnishing, promising, or offering--or accepting, promising to accept, or offering to accept--a valuable consideration in compromising or attempting to compromise the claim; and
>
> **(2)** conduct or a statement made during compromise negotiations about the claim--except when offered in a criminal case and when the negotiations related to a claim

>by a public office in the exercise of its regulatory, investigative, or enforcement authority.
>
>**(b) Exceptions.** The court may admit this evidence for another purpose, such as proving a witness' bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

Fed. R. Evid. 408. Aumann argues that Fletcher seeks to use the evidence of Fletcher's offer to allow Aumann to conduct an auction described in Defendant's Exhibits 1 and 1a which is barred by Rule 408. The Court agrees. Fletcher's offer clearly was for settlement purposes. He offered to allow Aumann to sell certain items in exchange for complete settlement of all claims in this action. Fletcher intends to use this evidence to dispute the amount of Aumann's claim. Aumann is entitled under Illinois law to receive compensation or damages that he could not reasonably avoid as a result of the alleged breach of contract. Mayster, 163 N.E.3d at 256. The evidence, therefore, would be used to prove the correct amount of a disputed claim.

The cases cited by Fletcher do not apply because they do not concern settlement offers. In Mayster, the contract buyer of a business breached an asset purchase agreement immediately before the closing, and then offered to buy the business the next day, but the seller refused and sued. Mayster, 163 N.E.3d at 250-53. Fletcher also cites Lawrence v. Porter, 63 F. 62 (1894). In Lawrence, the seller agreed to supply lumber in

regular shipments to the buyer's mill.  In the middle of the term of the agreement, the seller refused to deliver the rest of the lumber on the contract terms but offered to deliver the rest of the lumber called for in the contract at a reduction of $.50 for each 1,000 feet of lumber.  The buyer refused and sued.  Lawrence, 63 F. at 63.  In both cases, the breaching party's subsequent offer to revive the transaction and the non-breaching party's refusal was evidence that the non-breaching party could have reasonably avoided some or all of the claimed damages.

The breaching party's offers in Mayster and Lawrence were not made as part of settlement discussions to resolve a pending lawsuit.  The decisions in Mayster and Lawrence, therefore, do not apply to the issue of admissibility under Rule 408.  The proposed evidence is barred by Rule 408.

The Court also directed the parties to address whether a settlement offer is relevant to the issue of whether Aumann could have reasonably avoided some of the damages it claims.  Text Order entered July 12, 2021.  The Restatement (Second) of Contracts § 350(1) provides that "damages are not recoverable for loss that the injured party could have avoided without undue risk, burden, or humiliation."  Illustrations 14 and 15 accompanying § 350 directly address the situation here:

> 14. A contracts to sell to B a used machine from A's factory for $10,000. A breaks the contract by refusing to deliver the machine at that price, but offers to sell it to B for $11,000 without prejudice to B's right to damages. B refuses to buy it at that price and, since he cannot find a similar machine elsewhere, loses a profit of $25,000 that he would have made from use of the machine. B's damages do not include the loss of the $25,000 profit, but he can recover $1,000 from A.
>
> 15. The facts being otherwise as stated in Illustration 14, A's offer to sell the machine at $11,000 is conditioned on B's surrendering any claim that he may have against A for breach of contract. B's damages may include the loss of the $25,000 profit.

Restatement (Second) of Contracts § 350 comment e illustrations 14 and 15 (1981). Illustration 14 fits the circumstances in the Mayster and Lawrence cases. The breaching party offered an alternative contract that would have reduced the non-breaching party's damages. The non-breaching party's refusal to take the offer is evidence that the non-breaching party could have reasonably avoided some of the damages claimed if he had accepted the breaching party's post-breach offer. In those situations, the evidence of the breaching party's offer may be relevant evidence.

The circumstance here fits Illustration 15. Fletcher made his alternate offer of a different auction conditioned on Aumann surrendering the rest of his claim against Fletcher. The situation is materially different from the situation in Lawrence or Mayster. In Lawrence, for example, the

non-breaching party could have accepted the $.50 per 1,000 feet price reduction and then sued the breaching party for the rest.  The non-breaching plaintiff would have received compensation equaling all that he was entitled under the original agreement.  Here, if Aumann took Fletcher's offer in settlement, Aumann would have only received the commissions from the alternate auction proposed in Defendant's Exhibits 1 and 1a.  He would not have been able to sue Fletcher for the rest of the commissions he would have received under the original alleged auction contract. Rejecting Fletcher's settlement offer is not evidence of damages that could have been reasonably avoided because Aumann would have had to give up the entirety of his claim for a partial payment.

    Fletcher argues that § 350 of the Restatement is not relevant to a motion in limine because the section does not concern the admissibility of evidence.  That is true.  Section 350, however, shows that Fletcher's proposed evidence of settlement negotiations is not evidence that Aumann could have reasonably avoided some of the loss because he would have had to give up the rest of his claim.  Section 350 illustration 15, therefore, shows that the proposed evidence is not relevant to the issue of whether Aumann could have reasonably avoided some of his claimed damages.  As

such, the Court finds that presenting such evidence to the jury would be confusing and would unfairly prejudice Aumann. Fed. R. Evid. 401, 403.

THEREFORE, IT IS ORDERED that Plaintiff Aumann Auctions, Inc.'s (Aumann) First Motion in Limine (d/e 73) is ALLOWED. Defendant Fletcher is barred in limine from presenting evidence of the parties' settlement discussions after this suit was filed for any purpose. Fletcher further may not mention settlement negotiations in front of the jury.

ENTER: July 20, 2021

                        *s/ Tom Schanzle-Haskins*
                        TOM SCHANZLE-HASKINS
                        UNITED STATES MAGISTRATE JUDGE